1  CHRISTOPHER D. BRIGHT (Bar No. 206273)
   cbright@mwe.com
2  NATHAN S. SMITH (Bar No. 236643)
   nsmith@mwe.com
3  McDERMOTT WILL & EMERY LLP
   4 Park Plaza, Suite 1700
4  Irvine, CA 92614-2559
   Telephone: +1 949 851 0633
5  Facsimile: +1 949 851 9348

6  Attorneys for Plaintiff
   PLAINTIFF WOBBLEWORKS, INC.
7

8           UNITED STATES DISTRICT COURT

9      CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

10

11 WOBBLEWORKS, INC.,                  CASE NO.: 8:17-CV-2147

12           Plaintiff,                COMPLAINT FOR PATENT
                                       INFRINGEMENT AND DEMAND
13      v.                             FOR JURY TRIAL

14 DITEC SOLUTIONS, LLC,

15           Defendant.

# COMPLAINT

Plaintiff WobbleWorks, Inc. ("WobbleWorks"), hereby brings this complaint for patent infringement against Defendant Ditec Solutions, LLC ("Ditec") and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for infringement under the patent laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. § 271.

2. The United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,731,444 (the "'444 Patent"), entitled "Hand-Held Three-Dimensional Drawing Device," on August 15, 2017. WobbleWorks is the legal owner of the '444 Patent by assignment. A true and correct copy of the '444 Patent is attached hereto as Exhibit A.

3. Ditec has infringed and continues to infringe one or more claims of the '444 Patent. WobbleWorks seeks, among other things, monetary damages and injunctive relief.

## PARTIES

4. Plaintiff WobbleWorks, Inc. is a corporation in the State of Massachusetts, with its principal place of business at 10 Tyler St., Somerville, Massachusetts 02143.

5. On information and belief, Defendant Ditec Solutions, LLC is a limited liability company formed in the State of California, with its principal place of business at 4041 Soquel Dr., Ste. A148, Soquel, CA 95073. On information and belief, Ditec conducts its business throughout the United States and in this judicial district, including by selling and/or offering to sell the infringing products.

## JURISDICTION AND VENUE

6. This action is for patent infringement under the Patent Laws of the United States of America, 35 U.S.C. §§ 1 et seq., including 35 U.S.C. § 271. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question)

and 1338(a) (patent infringement).

7. The Court has personal jurisdiction over Defendant Ditec. Among other reasons, Ditec is a limited liability company organized and existing under the laws of the State of California. Ditec has infringed WobbleWorks' patents in California by, among other things, engaging in infringing conduct within and directed at/or from this District. For example, Ditec has purposefully and voluntarily placed one or more of its infringing products, as described below, into the stream of commerce with the expectation that these infringing products will be used in this District. These infringing products have been and continue to be used in this District.

8. Venue is proper pursuant to 28 U.S.C. §1400(b) because, among other reasons, Ditec resides in the State of California.

## FACTUAL ALLEGATIONS

9. Plaintiff WobbleWorks is a pioneer in the development of three-dimensional (3D) drawing devices that can be used within minutes, without needing any technical knowledge, software, or computers. WobbleWorks was founded in 2010 to develop a new product that allows children and adults to draw 3D artwork, literally allowing the user to draw in the air. Its founders brought with them experience from film, computer science, and robotics and were led by Peter Dilworth, an alumnus of the MIT's Leg Laboratory and the MIT Media Lab.

10. The press recognized the advances made by WobbleWorks. WobbleWorks received the "Rookie of the Year" award in 2017 from The Toy Association in New York, NY.[1] Additionally, the Oppenheim Toy Portfolio awarded WobbleWorks with its "Best Toy" Oppenheim Toy Portfolio Platinum Award in 2016.[2]

---

[1] https://www.toyassociation.org/toys/events/toy-of-the-year-awards-home.aspx?TOTY=4.
[2] http://www.toyportfolio.com/single-post/2016/07/30/WobbleWorks-3Doodler-Start.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 9,731,444

11. Plaintiff WobbleWorks incorporates the foregoing paragraphs as though fully set forth herein.

12. Defendant Ditec has infringed and continues to infringe one or more claims of the '444 Patent literally and/or under the doctrine of equivalents, directly and indirectly, including, but not limited to Claim 1 and Claim 18, pursuant to 35 U.S.C. § 271 by making, importing, offering to sell, selling, using, and/or causing to be used devices and/or systems and methods that embody or practice the inventions claimed in the '444 Patent. Ditec's products that embody or practice the inventions claimed in the '444 Patent include, but are not limited to the MYNT3D Pen.

13. As just one non-limiting example of Ditec's direct infringement of the '444 Patent under 35 U.S.C. § 271(a), set forth below (with claim language in italics and an image of the MYNT3D Pen below) is a description of infringement of Claim 18 of the '444 Patent, literally and/or under the doctrine of equivalents, by Ditec's making, importing, offering to sell, selling, and/or using the MYNT3D Pen:

18. A three-dimensional (3D) drawing device comprising:

*[18a] an elongate housing having an internal volume and a port that permits insertion of a strand of material into the internal volume;*



*[18b] a gear train disposed within the internal volume to receive and move the strand when engaged with the gear train;*



*[18c] a motor, disposed within the internal volume, operatively coupled with the gear train to drive motion of the strand;*



*[18d] at least one actuator coupled to the housing to actuate the motor to control a movement of the strand; and*



1  *[18e] a nozzle assembly disposed at a distal end of the housing and*
2  *comprising an extruder and an exit nozzle, the extruder having a heating element*
3  *for melting the strand, the extruder being disposed between the gear train and the*
4  *exit nozzle such that rotation of the motor causes the strand to be melted and*
5  *extruded out of the exit nozzle to permit the user to draw in free space to form a*
6  *three-dimensional object.*



12  14.  Defendant Ditec has also indirectly infringed the '444 Patent by
13  inducement of infringement under 35 U.S.C. § 271(b). Ditec imports, makes, uses,
14  imports, offers for sale, sells and/or causes to be used the MYNT3D Pen with
15  knowledge of and/or willful blindness to the fact that its actions will induce Ditec's
16  customers and end users to infringe the '444 Patent. From at least as early as
17  September 18, 2017, Ditec has had actual knowledge of WobbleWorks' '444
18  Patent, which is the date on which Ditec received a letter from WobbleWorks
19  regarding the '444 Patent. The citation of the '444 Patent put Ditec on notice that
20  WobbleWorks had patent protection for its 3D drawing devices such that Ditec
21  knew or should have known that the MYNT3D Pen infringed or would infringe
22  WobbleWorks' '444 Patent. Ditec also has actual knowledge of WobbleWorks'
23  rights in the '444 Patent and details of Ditec's infringement of the '444 Patent
24  based on at least the filing of this Complaint and, based on that knowledge, is also
25  indirectly infringing the '444 Patent by inducement of infringement. When the
26  MYNT3D Pen is used, that use is an act of infringement of, for example, Claim 18
27  of the '444 Patent as the MYNT3D Pen contains all of the elements of Claim 18 of
28  the '444 Patent as shown above. Defendant Ditec induces others to infringe the

'444 Patent in violation of 35 U.S.C. § 271(b) by encouraging and facilitating others to practice the '444 Patent's inventions. Ditec enables others to infringe the '444 Patent by importing, making, using, offering to sell, selling, and/or causing to be used the MYNT3D Pen and by publishing information about the MYNT3D Pen including but not limited to its Ditec's website[3] and other marketing materials about the MYNT3D Pen.[4] Defendant Ditec thus actively and knowingly induces users to infringe the '444 Patent by teaching and encouraging users to use the MYNT3D Pen in an infringing manner, with the specific intent to cause the infringing use of the MYNT3D Pen.

15. On information and belief, based on Ditec's knowledge of the '444 Patent before the Complaint was filed, Ditec's infringement of the '444 Patent has been knowing and willful, entitling WobbleWorks to enhanced damages in accordance with 35 U.S.C. § 284.

16. As the direct and proximate result of Ditec's conduct, WobbleWorks has suffered and, if Ditec's conduct is not stopped, will continue to suffer, severe competitive harm, irreparable injury, and significant damages, in an amount to be proven at trial. Because WobbleWorks' remedy at law is inadequate, WobbleWorks seeks, in addition to damages, preliminary and permanent injunctive relief. WobbleWorks' business operates in a competitive market and it will continue suffering irreparable harm due to Ditec's infringement of the '444 Patent absent injunctive relief.

17. WobbleWorks is entitled to injunctive relief and damages of no less than a reasonable royalty in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

18. Ditec's infringement of the '444 Patent is exceptional and entitles WobbleWorks to attorneys' fees and costs under 35 U.S.C. § 285.

---

[3] https://www.mynt3d.com/products/3d-printing-pen.
[4] https://cdn.shopify.com/s/files/1/1208/1150/files/Holiday_Projects_3D_pen_template.pdf?12743262087796304381.

19. From at least as early as the filing of this complaint, Ditec's infringement of the '444 Patent has been and continues to be willful, entitling WobbleWorks to enhanced damages in accordance with 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff WobbleWorks prays for the following judgment and relief:

1. Judgment in WobbleWorks' favor and against Ditec on all causes of action alleged herein.

2. An award of damages to WobbleWorks in an amount to be further proven at trial.

3. An award of preliminary and permanent injunctions enjoining Ditec, and its agents, servants, officers, directors, employees, and persons or entities acting in concert with Ditec from infringing directly or indirectly, and/or inducing others to infringe to the infringement of the '444 Patent.

4. A finding that this case is exceptional under 35 U.S.C. § 285 and that WobbleWorks be awarded its attorneys' fees.

5. An award of treble damages to WobbleWorks as a result of Ditec's willful infringement.

6. An award of prejudgment and post-judgment interest, costs and other expenses.

7. Any other and further relief as the Court deems equitable and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff WobbleWorks hereby demands a trial by jury on all issues so triable.

Dated: December 8, 2017

McDERMOTT WILL & EMERY LLP
CHRISTOPHER D. BRIGHT
NATHAN S. SMITH


By: /s/ Christopher D. Bright
CHRISTOPHER D. BRIGHT
Attorneys for Plaintiff WobbleWorks, Inc.